IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WALTER WILLIAMS,                          )
                                          )
         Plaintiff,                       )
                                          )
vs.                                       )        Case No. 1:25-cv-04003-DDD-MDB
                                          )
MIDLAND  CREDIT  MANAGEMENT,              )
INC.,                                     )
                                          )
         Defendant.                       )

## ~~PROPOSED~~ SCHEDULING ORDER

### 1.  DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Conference Date(s):  February 3, 2026

Pro Se Plaintiff:    Walter Williams ("Plaintiff")
                     PO Bo 26671
                     Colorado Springs, CO 80936
                     719.362.7006

Defendant:           Midland Credit Management, Inc. ("Defendant")

Counsel:             Shilee Mullin
                     Spencer Fane, LLP
                     13815 FNB Parkway, Suite 200
                     Omaha, NE 68154
                     402.965.8600

### 2.  STATEMENT OF JURISDICTION

**Plaintiff:**  Plaintiff brings claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), giving this Court jurisdiction under 28 U.S.C. § 1331. Plaintiff also asserts claims under the Colorado Fair Debt Collection Practices Act, C.R.S. § 5-16-101 et seq. ("CFDCPA"), over which

1

the Court has supplemental jurisdiction under 28 U.S.C. § 1367. Venue is proper in this District because Plaintiff resides in Colorado and the events giving rise to the claims occurred in Colorado.

**Defendant:** Defendant asserts that the evidence will demonstrate that Plaintiff cannot establish an injury-in-fact that was caused by Defendant and, thus, Article III standing.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

a.      **Plaintiff:** Plaintiff asserts claims under the FDCPA, CFDCPA, and FCRA based on Defendant's collection communications and furnishing/verification of a disputed account. Plaintiff contends Defendant failed to conduct a reasonable investigation after receiving notice of Plaintiff's dispute from a consumer reporting agency and continued furnishing information to consumer reporting agencies despite Plaintiff's disputes. Plaintiff also contends that Defendant continued communicating by mail after Plaintiff requested communication by email/text and explained that mail was an inconvenient manner of communication due to delayed retrieval of P.O. Box mail. Plaintiff seeks actual damages, statutory damages where available, and costs.

b.      **Defendant:** Defendant disputes Plaintiff's claims. Moreover, Plaintiff's FCRA claim fails because he cannot demonstrate that there was an actual inaccuracy to the credit reporting.

Furthermore, even if Plaintiff meets his burden to establish his claims, Defendant asserts that Plaintiff cannot establish that he has suffered an injury-in-fact that is fairly traceable to Defendant's challenged conduct.

### 4.  UNDISPUTED FACTS

The following facts are undisputed:

1.      Plaintiff had a credit card account with Capital One, N.A., with an account number ending in 9895.

### 5.  COMPUTATION OF DAMAGES

a.      **Plaintiff:** Plaintiff seeks actual damages to be proven at trial, including credit-related harm, time loss, and emotional distress, arising from Defendant's challenged collection and furnishing conduct. Plaintiff also seeks statutory damages under the FDCPA and additional damages and costs as permitted by the CFDCPA, as well as actual damages and any other relief available under the FCRA based on Defendant's alleged noncompliance after notice of dispute. Plaintiff will supplement this computation as discovery proceeds.

b.      **Defendant:** Defendant may seek attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(2)(3), <u>inter</u> <u>alia</u>.

### 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      **Date of Rule 26(f) meeting.**

The Fed. R. Civ. R. 26(f) meeting was held on February 3, 2026.

b.      **Names of each participant and party represented.**

Walter Williams, Pro Se Plaintiff.

Shilee T. Mullin, attorney for Defendant.

c.      **Statement of when Rule 26(a)(1) disclosures were made or will be made.**

The parties will serve Rule 26(a)(1) initial disclosures ~~within fourteen (14) days after the Rule 26(f) meeting, unless otherwise ordered.~~on or before February 23, 2026.

d.      **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

3

None.

**e.      Statement concerning any agreements to conduct informal discovery.**

None to date.

**f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree that service of all documents in this matter, including written discovery requests and responses, will be via email to Plaintiff at letsgoliberty85@gmail.com and via email to Defendant at jdickinson@spencerfane.com, smullin@spencerfane.com, and jheiserman@spencerfane.com.

**g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not agree as to ESI or disclosure of the same.

**<u>Plaintiff asserts</u>**:    Plaintiff anticipates discovery will include electronically stored information, including furnishing records, reporting history, dispute records (including e-OSCAR/ACDV), policies/procedures, and call logs/recordings, and will produce ESI in reasonably usable format (PDF or native as appropriate)

**<u>Defendant asserts</u>**:  Based on the nature of this case, Defendant believes that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case and proposes that once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary.

The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents via email.

The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email if requested. The format to be used for attachments to any email message shall be Microsoft Word (.docx) or Adobe Acrobat or (similar portable document format program) (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have exchanged emails regarding settlement and settlement has not been reached.  The parties have not discussed the use of ADR. The parties shall submit a Joint Status Report on or before **June 18, 2026** updating the Court on the status of discovery, any resolution efforts, and if applicable, a brief description of any pending discovery disputes or disagreements.

### 7. CONSENT

The parties have not consented to a trial before the Magistrate Judge (see Doc. 16).

### 8. DISCOVERY LIMITATIONS

**a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

None.

**b.      Limitations which any party proposes on the length of depositions.**

The parties agree that each deposition is limited to one day of seven hours pursuant to Fed. R. Civ. P. 30(d).

**c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties agree to the number of interrogatories as provided in Fed. R. Civ. P. 33(a)(1).

~~Plaintiff proposes that r~~ Requests for production of documents and requests for admission are ~~be~~

limited to the presumptive numbers pursuant to the Federal Rules.

to ~~twenty-five (25) each; and Defendant proposes that requests for production be limited to twenty~~

~~(20), and requests for admission be limited to twenty (20).~~

      **d.**      **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

No later than **June 8, 2026** ~~July 8, 2026, i.e., 30 days before the end of discovery.~~

      **e.**      **Other Planning or Discovery Orders**

The parties do not believe that discovery should be conducted in phases or be limited to or

focused upon issues. Parties shall refer to this Court's Practice Standards to raise any discovery

disputes requiring Court intervention.

## 9. CASE PLAN AND SCHEDULE

      **a.**      **Deadline for Joinder of Parties and Amendment of Pleadings:**

January 23, 2026.

      **b.**      **Discovery Cutoff:**

August 7, 2026.

      **c.**      **Dispositive Motion Deadline:**

September 25, 2026.

      **d.**      **Expert Witness Disclosure**

      **1.**      **The parties shall identify anticipated fields of expert testimony, if any.**

The parties do not anticipate using expert testimony.

      **2.**      **Limitations which the parties propose on the use or number of expert witnesses.**

Not applicable.

      **3.**      **The parties shall designate all experts and provide opposing counsel**

and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2).

Not applicable.

4.      **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2).**

Not applicable

e.      **Identification of Persons to Be Deposed:**

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Walter Williams | 5 hours |
| Midland Credit Management, Inc. (Fed. R. Civ. P. 30(b)(6) | 7 hours |

## 10.  DATES FOR FURTHER CONFERENCES

a.      ~~Status conferences will be held in this case at the following dates and times:~~

~~_____, 20___at ___o'clock ___.m.~~

b.      ~~A final pretrial conference will be held at the following date and time:~~

~~_____, 20___at ___o'clock ___.m.~~

~~A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than~~

~~seven days before the final pretrial conference~~. Final Pretrial Conference will be set after the

dispositive motion deadline has passed and the Court has issued rulings on all such motions.

## 11.  OTHER SCHEDULING MATTERS

a.      **Identify those discovery or scheduling issues, if any, on which the parties, after a good faith effort, were unable to reach an agreement.**

None.

b.      **Anticipated length of trial and whether trial is to the court or jury.**

The parties expect a trial to last 2-3 days.  Jury trial has been demanded by Plaintiff.

c.      **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch**

**Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/ Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

### 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause. Any motions requesting deadline extensions must contain sufficient information for the Court to conclude the parties have been diligent in discovery.

DATED this 9th day of February, 2026.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge

8

APPROVED:

s/ Walter Williams *(with permission)*

Walter Williams
PO Box 26671
Colorado Springs, CO 80936
719.362.7006
Letsgoliberty85@gmail.com
***Pro Se Plaintiff***

s/ Joshua C. Dickinson

Joshua C. Dickinson
Shilee T. Mullin
Spencer Fane LLP
13815 FNB Parkway, Suite 200
Omaha, NE 68154
jdickinson@spencerfane.com
smullin@spencerfane.com
***Attorneys for Defendant***